O3cv170pH

STATE OF MAINE
Knox, ss.

U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED

2003 SEP 10  P 12: 45

BY:____

DEPUTY C___

SUPERIOR COURT

Docket No.: _____

2003 SEP -9  P 1: 30

BY _____

DEPUTY CLERK

PETER A. DIMMITT, JR.,
        Plaintiff,

)
)
)
)

v

)
)
)

**AMENDED
COMPLAINT AND DEMAND
FOR A JURY TRIAL**

ALFRED OCKENFELS,
Chief of Police, Rockland Police
Department, 118 Park Street, Rockland,
ME 04841
        Defendant,
&

)
)
)
)
)
)
)
)

DANIEL L. DAVEY,
Sheriff, Knox County Sheriff's Department,
327 Park Street, Rockland, ME, 04841
        Defendant,
&

)
)
)
)
)
)

MAJOR RICHARD ROBBINS,
Knox County Sheriff's Department,
c/o Knox County Correctional Facility
327 Park Street, Rockland, ME, 04841
        Defendant,
&

)
)
)
)
)
)
)

OFFICER JOEL NEAL,
c/o Rockland Police Department,
118 Park Street, Rockland, ME 04841
        Defendant,
&

)
)
)
)
)
)

OFFICER JOHN BAGLEY,
c/o Rockland Police Department,
118 Park Street, Rockland, ME 04841
        Defendant,
&

)
)
)
)
)
)

OFFICER MATTHEW E. LINDAHL,
c/o Rockland Police Department,
118 Park Street, Rockland, ME 04841
        Defendant,

)
)
)
)
)

                                                            

|                                                              |   |
|--------------------------------------------------------------|---|
| &                                                            | ) |
|                                                              | ) |
| TOWN OF ROCKLAND,                                            | ) |
| a Governmental Entity, Operating Under                       | ) |
| the Laws of the State of Maine,                              | ) |
|       Defendant,               | ) |
| &                                                            | ) |
|                                                              | ) |
| COUNTY OF KNOX,                                              | ) |
| a Governmental Entity, Operating Under                       | ) |
| the Laws of the State of Maine,                              | ) |
|       Defendant,               | ) |

The Plaintiff, Peter A. Dimmitt, Jr., complains as follows:

1. This action is brought pursuant to 42 U.S.C. 1981, 1983, 1988, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and Article 1, Section 1, 6, and 6-A of the Constitution of the State of Maine.

2. This action is also brought pursuant to Title 14 M.R.S.A. 8101 et seq.

3. The Defendants have been placed on notice pursuant to the Maine Tort Claims Act that Peter A. Dimmitt, Jr., would be bringing an action against them for negligence.

4. Peter A. Dimmitt, Jr., is an adult citizen and a resident of Berlin, County of Coos, and State of New Hampshire.

5. The Town of Rockland is a duly organized entity of local government in Knox County, State of Maine.

6. The County of Knox is a duly organized entity of local government in the State of Maine.

7. Alfred Ockenfels, hereinafter Defendant #1, was at all times material to the allegations contained in this Complaint, the Chief of Police of the Rockland Police Department and in that capacity was responsible for the hiring, training and preparation of all the officers of the Rockland Police Department. Defendant #1 is being sued as an individual and in his official capacity.

8. Daniel L. Davey, hereinafter Defendant #2, at all times material to the allegations contained in this Complaint, was an active member of the Knox County Sheriff's Department. Defendant #2 is being sued both as an individual and also in his official capacity.

9. Major Richard Robbins, hereinafter Defendant #3, at all times material to the allegations contained in the Complaint, was an active member of the Knox County Correctional Facility. Defendant #3 is being sued both as an individual and also in his official capacity.

10. Officer Joel Neal, hereinafter Defendant #4, at all times material to the allegations contained in the Complaint, was an active member of the Rockland Police Department. Defendant #4 is being sued both as an individual and also in his official capacity.

11. Officer John Bagley, hereinafter Defendant #5, at all times material to the allegations contained in the Complaint, was an active member of the Rockland Police Department. Defendant #5 is being sued both as an individual and also in his official capacity.

12. Matthew E. Lindahl, hereinafter Defendant #6, at all times material to the allegations contained in the Complaint, was an active member of the Rockland Police Department. Defendant #6 is being sued both as an individual and also in his official capacity.

13. Town of Rockland, hereinafter Defendant #7, at all times material to the allegations contained in the Complaint, was a Governmental Entity, operating under the laws of the State of Maine.

14. County of Knox, hereinafter Defendant #8, at all times material to the allegations contained in the Complaint, was a Governmental Entity, operating under the laws of the State of Maine.

15. On or about July 1, 2001, Defendants #4, #5, and #6 were on duty for the Rockland Police Department.

16. As a result of the arrest, Plaintiff was taken into custody and transported to the Knox County Jail by Defendant #6.

17. At the scene of the arrest, Defendants #4 & #5 physically restrained the Plaintiff by placing his hands behind his back and handcuffing him. During the course of placing Plaintiff into custody, Defendants #4 & #5 used excessive force.

18. After taking Plaintiff into custody, Defendants #4 & #5 then, with excessive force, assaulted the Plaintiff by pushing him, hitting him, and causing his face to be pressed into the ground and further causing serious bodily and mental injury.

19. Defendant #6 then arrived at the scene of the arrest. Defendants #4, #5 and #6, while placing the Plaintiff into custody and during the transportation, used excessive and unreasonable force against the person of the Plaintiff.

20. Defendant #6 then transported Plaintiff to the Knox County Jail. At the Knox County Jail, Defendant #6 and two (2) Knox County Correctional Officers used excessive and unreasonable force upon the Plaintiff.

21. Subsequent to July 1, 2001, Defendants #4, #5, and #6 drafted statements and reports outlining their versions of what had occurred. The written statements are a product of a conspiracy between Defendants #4, #5, and #6 to fabricate the truth of what occurred during the incident. Specifically, Defendants #4, #5, and #6 executed and filed with the Department and with the Knox County District Attorney's office false reports with regard to the actions of the Plaintiff and Defendants that evening.

22. As a result of the arrest on July 1, 2001, Plaintiff was charged with the crimes of Assault, Criminal Mischief, Disorderly Conduct, Criminal Trespass, Refusing to Submit to Arrest and Failure to Give Correct Name. Plaintiff was acquitted of these charges by a Knox County Superior Court jury.

23. Prior to July 1, 2001, Defendants #1, #2, and #3 developed and maintained policies or customs, which caused the deprivation of Plaintiff's constitutional rights.

24. Defendants #1, #2, and #3 had established a policy of tolerating acts of misconduct by police officers, Defendants # 4, #5, and #6 and two unknown Knox County Correctional Officers in particular, by covering up such acts, failing to properly investigate such complaints, and improperly exonerating police officers accused of misconduct.

25. The actions of Defendants #4, #5, and #6 were implicitly or explicitly approved of, authorized, encouraged and or ratified by Defendant #1, #2, #3, #7, and #8.

26. Defendant #1, #2, #3, #7, and #8 acted with deliberate, reckless and or callous indifference to the constitutional rights of inhabitants of the Town of Rockland and others with whom the police would be expected to come in contact with, by failing to adequately train Defendants #4, #5, and #6 and two unknown Knox County Correctional Officers and, by failing to adequately supervise them.

27. The failure to provide adequate training and supervision was the direct cause of the excessive force used by Defendants #4, #5, #6, and two unknown Knox County Correctional Officers and was the direct cause of the injuries caused to Plaintiff.

28. Defendant #1 and #2 were deliberately indifferent and/or negligent in their hiring, training and supervision of their police officers.

29. Defendants all acted negligently, recklessly, wantonly or oppressively in causing the injuries to Plaintiff.

30. At all relevant times, and with respect to the relevant actions, all of the Defendants in this lawsuit acted under color of law.

31. The custom and policy of Defendant #7 and #8 is the affirmative link and moving force behind the actions taken by Defendants #1, #2, #3, #4, #5, and #6.

## COUNT I

32. Plaintiff, Peter A. Dimmitt, Jr., repeats and realleges the allegations contained in Paragraphs 1 through 31.

33. By virtue of the foregoing the Defendants deprived and conspired to deprive Plaintiff, Peter A. Dimmitt, Jr., of rights secured by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

34. As a proximate result of Defendants' actions Plaintiff suffered serious injuries, including lacerations, bruises, contusions, abrasions to his head, permanent injury to his hand, permanent injury to his eye, and serious mental disability. Plaintiff, Peter A. Dimmitt, Jr., was required to expend money for medical care and treatment. Plaintiff, Peter A. Dimmitt, Jr., missed work and lost money as a result thereof.

Plaintiff's future damages include possible loss of hearing capacity, additional expenses for medical care, treatment and services, permanent psychic and physical injury, pain and suffering.

WHEREFORE, as a proximate result of Defendants' actions, pursuant to title 42 United States Code Section 1983, the Plaintiff prays that he be awarded damages to compensate him by this Court in an amount that is just in the premises to compensate him for all his outstanding and future medical expenses, all of his past and future loss of earnings, all of his past and future loss of enjoyment of life, punitive damages, his interest and costs, his attorney's fees and such other relief as the Court considers and deems to be just in the premises.

## COUNT II

35. The Plaintiff, Peter A. Dimmitt, Jr., repeats and realleges the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36. By virtue of the allegations contained in the above paragraphs, the Defendants intentionally interfered with Plaintiff's exercise and enjoyment of rights secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and by Article 1, Sections 1, 6, and 6-A of the Constitution of the State of Maine, 15 M.R.S.A. Section 704, 17 M.R.S.A. Section 2931 and 17-A M.R.S.A. Sections 107 and 108.

37. As a proximate result of the Defendants' actions, Plaintiff, Peter A. Dimmitt, Jr., suffered the serious injuries described in the Complaint.

Wherefore as a proximate result of Defendants' actions, pursuant to 5 M.R.S.A. Section 4683 the Plaintiff prays that he be awarded damages to compensate him by this Court in an amount that is just in the premises to compensate him for all his outstanding and future medical expenses, all of his past and future loss of earnings, all of his past and future medical expenses, all of his past and future loss of earnings, all of his past and future loss of enjoyment of life, punitive damages, his interest and costs, his attorney's fees and such other relief as the Court considers and deems to be just in the premises.

## COUNT III

38. The Plaintiff, Peter A. Dimmitt, Jr., repeats and realleges the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39. As a proximate result of the intentional acts of Defendants #4, #5, and #6, Plaintiff suffered the grievous injuries described in this Complaint.

40. The acts and conduct of the above-described Defendants constitute assault, battery and intentional infliction of emotional distress.

Wherefore as a proximate result of Defendants' actions, the Plaintiff prays that he be awarded damages to compensate him by this Court in an amount that is just in the premises to compensate him for all his outstanding and future medical expenses, all of his past and future loss of earnings, all of his past and future loss of enjoyment of life, punitive damages, his interest and costs, his attorney's fees and, such other relief as the Court considers and deems to be just in the premises.

## COUNT IV

41. The Plaintiff, Peter A. Dimmitt, Jr., repeats and realleges the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. Defendants #7 and #8 were negligent in their failure to properly ensure that Defendants #1, #2, #3, #4, #5, and #6 were adequately trained and supervised prior to and during the time that Defendants caused serious bodily injury to the Plaintiff and deprived Plaintiff of his constitutional rights.

Wherefore as a proximate result of Defendants' actions, the Plaintiff prays that he be awarded damages to compensate him by this Court in an amount that is just in the premises to compensate him for all his outstanding and future medical expenses, all of his past and future loss of earnings, all of his past and future loss of enjoyment of life, punitive damages, his interest and costs, his attorney's fees and, such other relief as the Court considers and deems to be just in the premises.

## COUNT V

43. The Plaintiff, Peter A. Dimmitt, Jr., repeats and realleges the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

44. The negligence of Defendants #1 and #2 in failing to adequately train, supervise and discipline police officers working under their direction was the proximate cause of the grave injuries suffered by Plaintiff, Peter A. Dimmitt, Jr.

Wherefore as a proximate result of Defendants #1 and #2's actions, the Plaintiff prays that he be awarded damages to compensate him by this Court in an amount that is just in the premises to compensate him for all his outstanding and future medical expenses, all of his past and future loss of earnings, all of his past and future loss of enjoyment of life, punitive damages, his interest and costs, his attorney's fees and, such other relief as the Court considers and deems to be just in the premises.

## COUNT VI

45. The Plaintiff, Peter A. Dimmitt, Jr., repeats and realleges the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. The negligence of Defendants #3, #4 and #5 who were acting in concert, is the proximate cause of the serious injuries suffered by Plaintiff, Peter A. Dimmitt, Jr.

Wherefore as a proximate result of Defendants' actions, the Plaintiff prays that he be awarded damages to compensate him by this Court in an amount that is just in the premises to compensate him for all his outstanding and future medical expenses, all of his past and future loss of earnings, all of his past and future loss of enjoyment of life, punitive damages, his interest and costs, his attorney's fees and such other relief as the Court considers and deems to be just in the premises.

Dated at Waterville, Maine this 8th day of September 2003.

Respectfully submitted,

Charles T. Ferris, Esq., Bar #7550
Attorney for Plaintiff, for the
*Law Office of Charles T. Ferris*
18 Silver Street
Waterville, Maine 04901
(207)877-7781